IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,378






EX PARTE KESHA LATRICE JENKINS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 05-01970-CRF-361-A IN THE 361ST JUDICIAL DISTRICT
COURT OF BRAZOS COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of robbery, and punishment was assessed at ten years' confinement. 
No direct appeal was taken.

 Applicant contends, inter alia, that she was denied her right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel." 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). The record indicates that counsel incorrectly
advised Applicant that her right to appeal was conditioned on her being able to provide
counsel with "non-trivial reasons for appeal." 

 As noted by the U.S. Supreme Court in Anders v. California, 386 U.S. 738 (1967),
a criminal appellant may not be denied representation on appeal based on appointed counsel's
bare assertion that he or she is of the opinion that there is no merit to the appeal. Because
Applicant had the right to appeal her conviction, and to have counsel appointed to represent
her on appeal, despite her trial counsel's erroneous advice to the contrary, she was
improperly denied her right to appeal.

 Habeas corpus relief is granted, and Applicant is granted an out-of-time appeal from
her conviction on count one of cause number 05-01970-CRF-361-A from the 361st District
Court of Brazos County. The proper remedy in a case such as this is to return Applicant to
the point at which she can give notice of appeal. For purposes of the Texas Rules of
Appellate Procedure, all time limits shall be calculated as if the conviction had been entered
on the day that the mandate of this Court issues. We hold that Applicant, should she desire
to prosecute an appeal, must take affirmative steps to see that notice of appeal is given within
thirty days after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: April 12, 2006